IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| ROSA MARIA RIVERA <br> 8004 14th Avenue <br> Apt. 202 <br> Hyattsville, Maryland 20783 <br><br> Plaintiff, <br><br> v. <br><br> P2 CLEANING SERVICES, LLC <br> 7652 Greendell Lane <br> Highland, Maryland 20777 <br><br> Serve: Resident Agent <br> Carla A. Luis <br> 7652 Greendell Lane <br> Highland, Maryland 20777 <br><br> CARLA A. LUIS <br> 7652 Greendell Lane <br> Highland, Maryland 20777 <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff Rosa Maria Rivera ("Plaintiff"), by and through her attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files her Complaint against Defendants P2 Cleaning Services, LLC and Carla A. Luis (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4986496_1

## INTRODUCTION

Plaintiff worked for Defendants as a cleaning laborer. Plaintiff was paid at the same weekly rate regardless of the hours worked. She worked approximately fifty-three and a half hours per week and was not paid at the overtime rate of one and a half times her regular hourly rate for all hours in excess of forty as required by Maryland and federal law. Defendants also failed to compensate Plaintiff at or above the applicable minimum wage. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wage and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant P2 Cleaning Services, LLC ("P2 Cleaning") is a Maryland corporation.

5. Defendant Carla A. Luis is the owner of P2 Cleaning.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Carla A. Luis controlled the day to day operations of P2 Cleaning.

11. Defendant Carla A. Luis had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Carla A. Luis supervised Plaintiff directly or indirectly.

13. Defendant Carla A. Luis directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Carla A. Luis directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant Carla A. Luis would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a cleaning laborer from January 25, 2015 through August 12, 2016 (the "Employment Period").

18. Plaintiff was paid at a biweekly rate of $830.77, which translates to a regular hourly rate of $7.76.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

19. Plaintiff worked approximately fifty-three and a half hours per week and was never compensated at the required overtime rate of one and one half times her regular hourly rate, for those hours worked over forty hours.

20. Plaintiff is owed approximately $4,599.70 in unpaid overtime wages and $6,378.68 in unpaid minimum wages.

21. Plaintiff is owed overtime and minimum wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

22. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

23. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

### COUNT I
**(Violation of the Maryland Wage Payment and Collection Law)**

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. The amounts owed to Plaintiff by Defendants for unpaid overtime and minimum wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

28. Defendants were required to pay to Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

29. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

30. Starting October 1, 2014, Defendants were required to pay Plaintiff at the minimum wage of $8.40 and after July 1, 2015, Defendants were required to pay Plaintiff at a minimum wage of $9.55. MONTGOMERY COUNTY, MD., Chapter 27 Article IX, §27-68(a).

31. Defendants failed to compensate Plaintiff at or above the required minimum wage throughout the Employment Period.

32. Unpaid minimum and overtime wages are due and owing to Plaintiff by Defendants.

33. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but no less than $32,935.13 which equals three times the wages owed; and to grant to Plaintiff her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

34. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

35. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

36. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

37. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

38. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $9,199.40 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

39. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

40. Defendants were required to pay Plaintiff one and a half times her regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

41. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime as required by the MWHL.

42. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4986496_1

43. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $9,199.40 which is two times the total overtime compensation owed and to grant to Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By: /s/
Mary Craine Lombardo (17140)
mlombardo@steinsperling.com


By: /s/
Eduardo S. Garcia (07200)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

4986496_1